E. L. WHITE v. THE STATE.

No. 6610. Decided January 25, 1922.

**Assault to Rob—Sufficiency of the Evidence—Indictment.**

Where the indictment was in conformity with law, and the evidence sufficient to convict under a proper charge of the court there was no reversible error.

Appeal from the District Court of Jasper. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of assault with intent to rob; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jasper County· of the offense of assault with intent to rob, and his punishment fixed at three years in the penitentiary.

In this case it is made to appear that appellant was not represented at his trial by counsel. No bills of exception were reserved to anything there occurring. The only questions here presented are the regularity of the indictment and the charge of the court, and the sufficiency of the evidence to support the verdict of the jury. The indictment appears to be in conformity with law, and the charge of the court fully submitted the defensive theories of the appellant as well as the law of charge made against him by the State.

The facts in evidence, from the State's standpoint, show that on the date alleged appellant and a companion went into the State Bank at Buna, in Jasper County, Texas, and made pretense of wanting a draft and approached near to the cashier, who was the only other person present, and while he was filling out a blank appellant began to draw his pistol. Observing this motion the cashier fell to the floor behind his counter and fired a pistol as a means of giving an alarm. Appellant and his companion fled but were pursued and after a sharp battle between them and the citizens and officers, in which appellant was wounded, they were captured. Shortly after their capture appellant made a written confession which appears to be in conformity with the requirements of our statute on that subject. In said confession appellant stated that he went to said bank in pursuance of an agreement and understanding had on the night preceding with two other men who wanted to participate in the bank hold-up in which he was to have his part of the proceeds. Appellant testified in his own behalf and admitted his presence in the bank on the occasion in question, but denied any intention of committing an assault or of robbing the bank, and explained the making of said confession by saying that after he was put in jail he was told by another prisoner that he would be beat up if he did not tell the officers some plausible story about the matters involved in his arrest. He contended that all of his statements in said confession were made up by him to fit the occasion and that they were untrue.

Testing the sufficiency of the evidence by the State's testimony, it would appear that an assault was committed by appellant in that he made a threatening gesture showing in itself apparently, an immediate intention coupled with an ability to commit a battery. In attempting to draw his pistol, as detailed by the cashier of said bank, there seems no question but that he went far enough to bring his actions within the statutory definition of an assault. This being true, there would remain but the question of what his -intent was at the time and in making such assault. The circumstances surrounding him and his companion at the time; their flight and subsequent battle with the posse, and the statements made by appellant in his confession, would all seem to be ample evidence to support the jury's conclusion that

said assault was committed with the intent by force and by means of said assault to take from said cashier property in his possession. So believing we are led to conclude the judgment not to be without evidence in support thereof, and same will be affirmed.

*Affirmed.*